**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

HENRY J. WARD,

           Plaintiff,

      vs.

JACKIE CRAWFORD, ET AL.,

           Defendants.

3:05-CV-0102-HDM (VPC)

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF U.S. MAGISTRATE JUDGE**</u>

July 10, 2007

      This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court defendants' motion to dismiss (#67).  Plaintiff opposed (#69) and defendants replied (#73).  The court has thoroughly reviewed the record and the parties' motions and finds that defendants' motion to dismiss (#67) should be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

      Henry J. Ward ("plaintiff"), a former inmate of the Nevada Department of Corrections ("NDOC") acting in *pro se*, filed his second amended complaint on August 25, 2005 (#30). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, and Fourteenth Amendment rights. *Id.* at 4, 5, and 6.  Plaintiff names as defendants Jackie Crawford, former NDOC director; Stephanie Humphrey, Warden of Warm Springs Correctional Center ("WSCC"); and Louis Belmour, WSCC Correctional Officer.  *Id.*

      On October 30, 2003 defendants transferred plaintiff from WSCC to Lovelock Correctional Center ("LCC").  Plaintiff alleges that during the inventory of his room certain personal property was confiscated and was not transferred to LCC with plaintiff.  *Id.* at 3.

1    Plaintiff further alleges that his property was destroyed. *Id.* at 5.

2          Plaintiff filed an informal grievance, number 12-15-03/1559, on November 26, 2003.

3    (#67 Exhibit D). Prison officials denied this grievance at the informal level they felt that it was

4    duplicative of a previously filed grievance. *Id.*, Exhibit F. Plaintiff did not re-file or appeal the

5    denial of informal grievance number 12-15-03/1559.

6          The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff

7    appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

8    of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

9    *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

10                          **II.  DISCUSSION & ANALYSIS**

11        **A.  Discussion**

12            **1.  Failure to Exhaust Administrative Remedies**

13          The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to

14    provide that "[n]o action shall be brought with respect to prison conditions under section 1983

15    of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

16    correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

17    § 1997e(a) (2002).

18          Although once within the discretion of the district court, the exhaustion of administrative

19    remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need

20    not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534

21    U.S. 516, 524 (2002), *citing Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks

22    remedies not available in the administrative proceedings, notably money damages, exhaustion is

23    still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the

24    Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility

25    or other exceptions into statutory exhaustion requirements where Congress has provided

26    otherwise").

27          The Supreme Court has held that the PLRA requires "proper exhaustion" of administrative

28    remedies. *Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006). "Proper exhaustion" is defined

as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  *Id.* at 2385 (citations omitted).  *Woodford* sets forth two tests for "proper exhaustion" – the "merits" test and the "compliance" test.  *Jones v. Stewart*, 457 F. Supp.2d 1131, 1134 (D. Nev. Oct. 4, 2006).  This court has stated that

> [t]he "merits test" is satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels. The "compliance test" is satisfied when a plaintiff complies with all "critical procedural rules," including agency deadlines.  A finding that a plaintiff has met either test is sufficient for finding "proper exhaustion." Defendants must show that Plaintiff failed to meet both the merits test and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies.

*Id*.  In *Jones*, this court rejected the defendants' proposed reading of *Woodford*, which would have required the defendants to show only that plaintiff failed to meet *either* the merits *or* the compliance test.  *Id.*  The court stated that such a reading "treats timeliness of grievances rather than proper exhaustion as the touchstone of *Woodford*.  We believe that this is not the reading intended by the court in *Woodford* and does not further the policy objectives of the PLRA's exhaustion requirement."  *Id.*

A motion to dismiss for failure to exhaust administrative remedies is treated as an unenumerated motion to dismiss under Fed. R. Civ. P. 12(b).  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  When deciding such a motion, the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1129-30.

### B.  Analysis

Defendants contend that plaintiff has failed to exhaust administrative remedies (#67 at 5).  To exhaust all available administrative remedies within the prison grievance system, inmates must file an informal grievance and appeal a denial of that grievance through two levels of formal review.  *Id.*, Exhibit G, AR 7.40.1.3.3.1 - 1.3.3.3.

In the instant case, plaintiff filed an informal grievance, number 12-15-03/1559, complaining that his property was confiscated in violation of this rights.  *Id.*, Exhibit D.  Defendants rejected plaintiff's informal grievance because he had previously filed a grievance alleging the same facts.  *Id.*, Exhibit F.  The rejection stated that plaintiff could "re-submit [the]

1   grievance after correcting the above deficiencies.  Failure to re-submit the grievance through the

2   prescribed time frame shall constitute abandonment."  *Id.*  Despite this clear language, plaintiff

3   failed to re-file his informal grievance, number 12-15-03/1559.  *Id.*, Exhibits D and F.  Plaintiff

4   also failed to appeal the denial.  *Id.*

5        Defendants acknowledge that plaintiff's grievance concerning the October 30, 2003

6   seizure of property, grievance number 12-15-03/1559, was improperly rejected (#67 at 3).

7   Defendants admit grievance number 12-15-03/1559 was not duplicative of a previously filed

8   grievance, number 0914-1106-2003, after all.  *Id.*  While grievance number 0914-1106-2003

9   involved a cassette tape plaintiff had purchased and returned as defective, grievance number 12-

10  15-03/1559 involved the property seized from plaintiff when he was transferred to a new

11  institution.  Both grievances were filed on November 26, 2003.  Even though grievance number

12  12-15-03/1559 was mistakenly rejected as duplicative, plaintiff maintained the ability to appeal

13  the rejection, or re-submit grievance number 12-15-03/1559 with explanation.  He did neither.

14       As proof of exhaustion, plaintiff presents grievance number 12-15-03/1600 (#69, Exhibit

15  C).  Grievance number 12-15-03/1600 concerns a September 23, 2003 seizure of fifteen cassette

16  tapes when plaintiff was transferred to a new cell.  *Id.*  This event is distinct from the October 30,

17  2003 seizure of property when plaintiff was transferred from WSCC to LCC, which is the subject

18  of plaintiff's complaint; therefore, grievance number 12-15-03/1600 does not satisfy the

19  exhaustion requirements for the October 30, 2003 incident.  The court finds that plaintiff failed

20  to exhaust his administrative remedies.

### III.  CONCLUSION

22       For the foregoing reasons and for good cause appearing, the court concludes that plaintiff

23  failed to exhaust his administrative remedies.  As such, defendants' motion to dismiss (#67) is

24  granted.

25       The parties are advised:

26       1.   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice,

27  the parties may file specific written objections to this report and recommendation within ten days

28  of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

1   Recommendation" and should be accompanied by points and authorities for consideration by the

2   District Court.

3       2.   This report and recommendation is not an appealable order and any notice of appeal

4   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

5   judgment.

6                              **V.   RECOMMENDATION**

7       **IT IS THEREFORE RECOMMENDED** that the defendants' motion to dismiss (#67)

8   be **GRANTED.**

9       **DATED:** July 10, 2007.

10

11

12

13   _____

14   **UNITED STATES MAGISTRATE JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -